IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITIZENS COMMUNITY FEDERAL,

                   ORDER

      Plaintiff,

                   12-cv-648-bbc

  v.

SILVER, FREEDMAN & TAFF, L.L.P.,
BARRY P. TAFF, P.C., MARTIN L. MEROWITZ, P.C.
and NANCY M. STILES, P.C.,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In this civil action, plaintiff Citizens Community Federal is suing defendants Silver, Freedman & Taff, L.L.P., Barry P. Taff, P.C., Martin L. Merowitz, P.C. and Nancy M. Stiles, P.C., for legal malpractice. Parties have filed cross motions for summary judgment, but I cannot rule on them before determining whether subject matter jurisdiction exists. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998) (jurisdiction is threshold matter that must be established before resolving issues on merits).

  When plaintiff filed its complaint, it relied on 28 U.S.C. § 1332 as a basis for jurisdiction. Section 1332 requires plaintiff to show that it and defendant are citizens of different states and that the amount in controversy exceeds $75,000. Plaintiff has alleged sufficient information to satisfy § 1332's requirements with one exception: it has failed to properly identify its own citizenship. It alleges that it is a citizen of Wisconsin because its

1

principal place of business is in Eau Claire, Wisconsin, dkt. #1, at 1-2, but the citizenship of a federally-chartered bank is determined by both its principal place of business *and* its location. 28 U.S.C. § 1348. A federally chartered bank is "located" in "the [s]tate designated in its articles of association as its main office." Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006).

Although plaintiff's principal place of business and the location designated in its articles of association may be the same , I cannot assume that. As the proponent of jurisdiction, plaintiff bears the burden of showing that this court may exercise subject matter jurisdiction. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, plaintiff must file evidentiary materials showing its citizenship or I will have to dismiss this case for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that plaintiff Citizens Community Federal may have until January 6, 2014, to show that subject matter jurisdiction is present under 28 U.S.C. § 1332. If plaintiff fails to respond by that date, I will dismiss this case for lack of jurisdiction.

Entered this 30th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge