IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITIZENS COMMUNITY FEDERAL,

                                                    OPINION AND ORDER

                Plaintiff,

                                                    12-cv-648-bbc

     v.

SILVER, FREEDMAN & TAFF, L.L.P.,
BARRY P. TAFF, P.C. and
NANCY M. STILES, P.C.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Citizens Community Federal is proceeding on claims of legal malpractice and breach of fiduciary duty against defendants Silver, Freedman and Taff, L.L.P.; Barry P. Taff, P.C.; and Nancy M. Stiles, P.C., arising out of employment and benefit contracts defendants drafted for plaintiff and its then-CEO. Plaintiff contends that defendants committed legal malpractice and breached their fiduciary duty to plaintiff, their client, when they drafted a supplemental executive retirement benefit plan that did not provide for the forfeiture of executive benefits if the executive was discharged for cause. In response, defendants have alleged that it was their general practice not to include such a provision in the supplemental executive retirement benefit plans they drafted for other clients and that a substantial majority of the plans they drafted did not contain such a provision.

Defendants have filed a motion in limine, dkt. #100, in which they ask the court to

1

(1) exclude references to the total fees defendants charged to plaintiff; (2) exclude retirement plan agreements prepared by other attorneys for companies other than plaintiff; (3) exclude retirement plan agreements prepared by defendants for other clients; and (4) require plaintiff to advise its witnesses of the rulings in this order so that they do not inadvertently disclose excluded evidence. I am granting defendants' first two requests, with minor exceptions, and their fourth request, but I am denying their motion as to the third one. The chance for unfair prejudice is substantially outweighed by the limited probative value of both the total legal fees charged by defendants and the collection of contracts drafted by nonparty attorneys. However, the retirement plan agreements drafted by defendants are relevant to plaintiff's claim for breach of fiduciary duty because they may show defendants' negligence or their intent to favor the executive.

Plaintiff has filed an untimely motion to take judicial notice of retirement plan agreements that companies filed with the Securities and Exchange Commission. Dkt. #115. Because I am granting defendants' motion to exclude documents drafted by lawyers other than defendants, I will deny this motion except as it relates to agreements prepared by defendants.

OPINION

A. Fees

Defendants say that any reference to the total fees they charged plaintiff would be irrelevant to plaintiff's case and prejudicial to theirs, so plaintiff should not be allowed to reveal this number (or introduce invoices that, cumulatively, would reveal this number).

2

Plaintiff argues that the amount in fees is relevant to their breach of fiduciary duty claim because the fees help to show that defendants protected plaintiff's chief executive officer's interests at the expense of the interests of plaintiff in exchange for his approval of legal work from defendants, thus generating fees for defendants. Plaintiff can introduce any evidence they have of its CEO's approval of legal work; they just cannot put in the amounts charged for the work. The jury would have no way to differentiate between legitimate and any allegedly illegitimate legal fees and plaintiff has not offered to compare the amount of fees it incurred to that incurred by similarly situated banks. In any event, I am not persuaded that plaintiff needs to introduce evidence of the fee amount in order to pursue its breach of fiduciary duty claim.

## B. Nonparty Contracts

Defendants ask the court to exclude contracts that plaintiff may attempt to introduce into evidence to establish a standard of care for legal malpractice. These contracts were drafted by different lawyers for other clients, and plaintiff says they show that other attorneys tend to draft executive retirement plan agreements with a forfeiture provision (which was missing from plaintiff's contract with its CEO).

Defendants argue that the contracts cannot be authenticated and therefore would be inadmissible and that they constitute hearsay. Defendants' argument on hearsay is mostly unpersuasive because the contracts would be admitted for the provisions they do or do not contain, not for the truth of those provisions. Fed. R. Evid. 801. However, to the extent that

plaintiff does not have a witness who could vouch for each contract or that the contracts could be otherwise authenticated, there would be a hearsay problem relating to whether the contracts are what they purport to be.

I need not reach the questions of authentication or hearsay, however, because I agree with defendants' other argument, which is that the contracts have limited relevancy as compared to their potential for unfair prejudice. Fed. R. Evid. 403. Although the contracts may represent what *a few* lawyers drafted for *a few* clients, plaintiff has not presented evidence that the contracts are representative of an industry standard or constitute a randomized sample that might tend to show average practices by other lawyers. Admitting the contracts alone would mean the jury would view them without sufficient context as to the various companies' particular situations and other lawyers' decision making processes. The introduction of the contracts might lead the jury to believe that the contracts *do* constitute a representative sample of the industry and the jury may afford them too much weight. The contracts' potential for unfair prejudice is therefore substantially outweighed by their limited probative value. Accordingly, I am granting defendants' motion to exclude these contracts and denying plaintiff's motion to take judicial notice of them as moot. I note, however, that this ruling bars defendants from arguing that the agreement they drafted for plaintiff reflected market practice unless they have other evidence to support the argument.

### C. Other Contracts Drafted by Defendants

Defendants have moved to exclude the executive retirement plan agreements they

drafted for other clients. Defendants produced these documents pursuant to plaintiff's request, but now say that the contracts would be immaterial and prejudicial because the documents may not be all of the relevant contracts defendants drafted or even a representative sample and because the contracts drafted after 2002 were drafted in a different "economic environment," so they do not represent defendants' standard practices at the time they drafted plaintiff's contracts (between 2001 and 2002).

As to plaintiff's legal malpractice claim, I agree with defendants that the documents have so little probative value in illustrating the standard of care for legal malpractice that it is outweighed by the potential prejudice of the contracts to defendants. The fact that these defendants did or did not draft contracts in a certain way does not show what the standard is among lawyers in general for drafting such documents.

On the other hand, I will allow plaintiff to introduce the contracts in support of its breach of fiduciary duty claim. A showing that defendants did not have a standard practice for drafting contracts without forfeiture clauses and treated plaintiff differently from other similar clients could be evidence that defendants intended to benefit plaintiff's chief executive officer to plaintiff's detriment (an element of breach of fiduciary duty). If defendants plan to rely on the defense that they omitted the forfeiture language in conformity with their standard drafting practice and not as part of a plan to benefit the chief executive, plaintiff will be free to counter that argument with the contracts themselves.

Although defendants say that the contracts they produced may not represent their entire library of work or their standard practices, defendants are bound by what they

produced in discovery. <u>Bluestein v. Central Wisconsin Anesthesiology, S.C.</u>, 12-cv-322-bbc, 2013 WL 4759006 (W.D. Wis. Sept. 4, 2013). They may not refer to other documents or the hypothetical existence of such documents when plaintiff has no way to counter such evidence.

Although, as defendants argue, contracts drafted after 2002 may be different from their earlier counterparts because of changes in the economy, that does not make the contracts dated 2002 and later irrelevant. Rather, this issue goes to the weight of the evidence. Defendants are free to argue that the contracts drafted before and after 2002 were drafted in different circumstances, requiring different provisions. In turn, the jury may decide what argument to credit in determining why the contracts were drafted with or without the forfeiture provision.

As a final matter, defendants would like the court to order plaintiff to advise its witnesses of the rulings in this order so that the witnesses do not inadvertently disclose excluded evidence. This request is reasonable and will be granted. It extends to both plaintiff and defendants.

ORDER

IT IS ORDERED that the motion in limine, dkt. #100, filed by defendants Silver, Freedman and Taff, L.L.P.; Barry P. Taff, P.C.; and Nancy M. Stiles, P.C., is GRANTED with respect to the exclusion of any reference to the total fees charged to plaintiff Citizens Community Federal, with respect to the exclusion of nonparty contracts and with respect to

its request that plaintiff advise its witnesses on this order. Defendants have the same responsibility. Defendants' motion in limine is DENIED with respect to the exclusion of retirement plan agreements it drafted for other clients. Finally, plaintiff's motion for judicial notice, dkt. #115, is DENIED as moot.

Entered this 14th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge