IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITIZENS COMMUNITY FEDERAL,

                Plaintiff,

    v.

SILVER, FREEDMAN & TAFF, L.L.P.,
BARRY P. TAFF, P.C. and NANCY M. STILES, P.C.,

                Defendants.

ORDER

12-cv-648-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, plaintiff Citizens Community Federal contends that defendants Barry P. Taff, P.C.; Nancy M. Stiles, P.C.; and Silver, Freedman and Taff, L.L.P. were negligent and breached their fiduciary duties when they drafted employment contracts between plaintiff and its then-CEO James Cooley. In its motion for summary judgment, plaintiff argued that defendants breached their duty of care because the agreements, as drafted, violated a federal regulation, 12 C.F.R. § 563.39. Defendants have requested the inclusion of a jury instruction on this regulation. Dkt. #96. Plaintiff objected to the instruction and suggested its own version. Dkt. #111. However, before I can adopt an instruction on this topic, the parties must explain how the regulation is relevant to the case.

      As explained in the summary judgment opinion, "[t]he violation of a statute or an ordinance does not automatically impose civil liability." Holt v. Hegwood, 2005 WI App 257, 13-14, 287 Wis. 2d 853, 864-65, 708 N.W.2d 21, 26-27 (footnote omitted). Instead,

1

plaintiff must show that "(1) the harm inflicted was the type the statute was designed to prevent; (2) the person injured was within the class of persons sought to be protected; and (3) there is some expression of legislative intent that the statute become a basis for the imposition of civil liability." Id. (quoting Antwaun A. ex rel. Muwonge v. Heritage Mutual Insurance Co., 228 Wis. 2d 44, 67, 596 N.W.2d 456, 466 (1999)).

These are questions that must be answered by the court; they are not appropriate for the jury. Comment, Wis. Jury Ins. 1009 ("Before giving this instruction, the trial judge must decide whether they safety law applies to the claimed negligent act."). As a result, I am ordering the parties to explain why the regulation is relevant to this case. What is at stake is plaintiff's ability to rely on defendants' alleged violation of 12 C.F.R. § 563.39 as a basis for liability at trial. The parties should take care to address the three issues identified above and support their positions with relevant authority. They should be prepared to discuss this issue at the final pretrial conference scheduled for Thursday, April 10, 2014.

ORDER

IT IS ORDERED that plaintiff Citizen Community Federal and defendants Barry P. Taff, P.C.; Nancy M. Stiles, P.C.; and Silver, Freedman and Taff, L.L.P. are to respond as

described in this order by April 14, 2014.

Entered this 8th day of April, 2014.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge

3